ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EMMANUEL FUENTES ENRÍQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | KLRA202500255 | Recurso de *Revisión Judicial*, procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: Q-54-25<br><br>Sobre: Incentivo Federal |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece Emmanuel Fuentes Enríquez ("señor Fuentes" o "Recurrente"), por derecho propio y en *forma pauperis*, mediante recurso de revisión judicial. El recurrente solicita que revisemos la *Respuesta de Reconsideración al Miembro de la Población Correccional*, emitida el 4 de abril de 2025 y notificada el 22 de abril de 2025, por el Departamento de Corrección y Rehabilitación ("DCR" o "Recurrida"). Mediante el referido dictamen, el DCR acogió una solicitud de reconsideración instada por el recurrente.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso de revisión judicial, por falta de jurisdicción, por prematuro.

**I.**

El 14 de septiembre de 2021, mientras se encontraba recluido en la institución Guayama 1,000, el señor Fuentes llenó una solicitud para recibir el incentivo federal por el Covid-19. El recurrente expone que, el 17 de noviembre de 2023, recibió un depósito por la cantidad de $1,800.00. No obstante, aduce que es acreedor de un desembolso total de $3,200.00. Así

dispuesto, sostiene que, al presente, el Departamento de Hacienda le adeuda la suma de $1,400.00.

Se desprende de los documentos presentados por el recurrente que, el 26 de febrero de 2025, instó una *Solicitud de Remedio Administrativo* ante el DCR, mediante la cual expresó que se le adeudaba la cuantía de $1,400.00, correspondientes al incentivo federal por el Covid-19. Sin embargo, el señor Fuentes no expresó en su escrito, ni evidenció en el apéndice, que la referida solicitud hubiera sido atendida.

Asimismo, surge que, el 20 de marzo de 2025, el recurrente presentó una *Solicitud de Reconsideración,* en la cual reiteró lo alegado respecto al incentivo federal. La petición de reconsideración fue acogida el 4 de abril de 2025 por la División de Remedios Administrativos del DCR y, según el recurrente, notificada el 22 de abril de 2025. La *Respuesta de Reconsideración al Miembro de la Población Correccional* precisa lo siguiente:

> El Coordinador tendrá treinta (30) días laborables para emitir Resolución de Reconsideración. **Este término comenzará a partir de la fecha en que el miembro de la población correccional recibe la notificación de la respuesta a su solicitud de reconsideración.** El miembro de la población correccional realizará mediante escrito; de no estar de acuerdo con la Resolución de Reconsideración emitida por el Coordinador ante su solicitud; solicitar Revisión Judicial ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de Reconsideración emitida por el Coordinador de la División de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma.[1]

> (Énfasis suplido)

No obstante, previo a que transcurriera el término para que el DCR atendiera la solicitud de reconsideración, el 2 de mayo de 2025, el señor Fuentes acudió ante esta Curia, mediante un recurso de revisión judicial. Ese mismo día, el recurrente presentó una *Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia.* Atendida la solicitud, se autoriza al señor Fuentes a litigar en *forma pauperis.*

---

[1] Apéndice del recurso.

Examinado el recurso y optamos por prescindir de los términos, escritos o procedimiento ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B; R. 7 (b)(5). Procedemos a resolver.

**II.**

**-A-**

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros*, 210 DPR 384, 394 (2022); *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.*

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Íd., SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Ahora bien, el principio de la justiciabilidad recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010); *Com. de la Mujer v. Srio. de Justicia*, 108 DPR 715, 720 (1980); *ELA v. Aguayo*, 89 DPR 552, 595 (1958). A tales efectos, el poder de revisión judicial únicamente puede ejercerse en

un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta, cuya solución no tendrá consecuencias para las partes. *ELA v. Aguayo, supra*, págs. 558-59.

En ese contexto, un asunto no es justiciable cuando: (1) se trata de resolver una cuestión política; (2) una de las partes carece de legitimación activa para promover un pleito; (3) después de comenzado el litigio, hechos posteriores lo tornan en académico; (4) las partes pretenden obtener una opinión consultiva; o (5) cuando se pretende promover un pleito que no está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Crespo v. Cintrón*, 159 DPR 290, 298 (2003); *ELA v. Aguayo, supra*, pág. 584.

Atinente a la controversia ante nos, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal antes de que este adquiera jurisdicción. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). En virtud de ello, carece de eficacia y no produce efectos jurídicos. *Íd.*, págs. 97-98. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires. Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. *Romero Barceló v. E.L.A.*, 169 DPR 460, 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

**III.**

El recurrente acude ante nos y nos solicita que revisemos la *Respuesta de Reconsideración al Miembro de la Población Correccional*, emitida el 4 de abril de 2025 y notificada el 22 de abril de 2025, por el DCR.

Sin embargo, mediante la respuesta recurrida, el señor Fuentes fue advertido de que el DCR tendría un término de treinta (30) días, contados a partir de su notificación para emitir una resolución de reconsideración. Al momento, el término dispuesto aún no ha transcurrido y el reclamo del recurrente no ha sido atendido por el DCR. Siendo así, nos encontramos ante un recurso prematuro y, como consecuencia, carecemos de jurisdicción para atenderlo en sus méritos.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso, por falta de jurisdicción, por prematuro.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones